UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON SINGH and KAREN SINGH,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:17-cv-2580 TLN DB PS<br><br><br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs Ron Singh and Karen Singh are proceeding pro se. The case has been referred to the undersigned pursuant to Local Rule 302(c)(21). On February 12, 2018, the undersigned issued an order setting this matter for a March 23, 2018 Status (Pretrial Scheduling) Conference. (ECF No. 4.) On March 27, 2018, the undersigned issued an order granting plaintiffs' request to continue the status conference to May 25, 2018. (ECF No. 9.) Plaintiffs were also ordered to file proof of service of that order on the defendants within no less than 19 days. (Id. at 2.) Plaintiffs, however, failed to comply with the undersigned's order and did not file proof of service of the March 27, 2018 order on the defendants.

Accordingly, on May 17, 2018, the undersigned issued to plaintiffs an order to show cause. (ECF No. 16.) Therein, the undersigned advised plaintiffs of their failure to comply with the March 27, 2018 order. (Id. at 1.) The order also advised plaintiffs that it appeared from the proof of service of the complaint filed with the court that plaintiffs failed to comply with Rule 4

1

of the Federal Rules of Civil Procedure, California Code of Civil Procedure § 416.50, and Local Rule 210(b). (Id. at 1-2.)

The order to show cause ordered plaintiffs to show cause in writing within fourteen days as to why plaintiffs should not be sanctioned for failing to comply with March 27, 2018 order. (Id. at 2.) Plaintiffs were also ordered to serve upon each defendant one copy of May 17, 2018 order and, within five days, file a certificate of service that included the name of the person served, the address of the person served, and the date and manner of service of the copy on the defendants. (Id.)

On June 15, 2018, plaintiffs filed an updated status report and a motion for default judgment. (ECF Nos. 17 & 18.) The proofs of service filed in connection with those documents evidences that plaintiffs continue to fail to comply with the Federal Rules of Civil Procedure, the California Code of Civil Procedure, and the Local Rules. (ECF No. 17 at 2; ECF No. 18 at 4.) Moreover, plaintiffs failed to comply with the undersigned's May 17, 2018 order. And plaintiffs have repeatedly refused to comply with the undersigned's orders regarding service upon the defendants. In this regard, the undersigned remains concerned that no defendant has been properly served with summons or notice of this action. And it appears that plaintiffs refuse to comply with any order of this court concerning service upon the defendants.

ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the

inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiffs have repeatedly failed to comply with the court's orders. The May 17, 2018 order specifically warned plaintiffs that the failure to timely comply with that order could result in a recommendation that this matter be dismissed. Plaintiffs nonetheless failed to comply with that order. In this regard, plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiffs' repeated failure to comply with the undersigned's orders and effect proper service on a defendant makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiffs' failure to prosecute as well as plaintiffs' failure to comply with the court's orders. See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that the June 22, 2018 Status (Pretrial Scheduling) Conference is vacated.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' December 8, 2017 complaint (ECF No. 1) be dismissed without prejudice;
2. Plaintiffs' June 15, 2018 motion for default judgment (ECF No. 18) be denied; and
3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiffs are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 18, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/singh2580.sanct.dlop.f&rs