UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON SINGH and KAREN SINGH,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:17-cv-2580 TLN DB PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs Ron Singh and Karen Singh are proceeding pro se. The case has been referred to the undersigned pursuant to Local Rule 302(c)(21). On December 7, 2018, the matter came before the undersigned for a hearing regarding service of process on the defendants. There was no appearance by, or on behalf of, any party, in violation of the undersigned's order issued on November 13, 2018.

This is not the first time plaintiffs have failed to comply with an order of this court. On February 12, 2018, the undersigned issued an order setting this matter for a March 23, 2018 Status (Pretrial Scheduling) Conference. (ECF No. 4.) On March 22, 2018—the day before the March 23, 2018 status conference—plaintiffs filed a request to continue the March 23, 2018 status conference because they had "a trial in other court at the same time." (ECF No. 7 at 1.)

////
////

1

On March 27, 2018, the undersigned issued an order granting plaintiffs' request to continue the status conference to May 25, 2018. (ECF No. 9 at 1.) The March 27, 2018 order also advised plaintiffs that the undersigned would "have some questions for plaintiffs with respect to service at the" May 25, 2018 status conference. (Id.) Plaintiffs were also ordered to serve a copy of the March 27, 2018 order on each defendant within fourteen days and to file proof of service of that order on the defendants within five days thereafter. (Id. at 2.)

On April 26, 2018, plaintiffs filed a one paragraph status report and a request for entry of default as to all defendants. (ECF Nos. 10 & 11.) On May 2, 2018, the Clerk of the Court entered default as to defendant County of Sacramento, but declined entry of default as to all other defendants. (ECF Nos. 14 & 15.) Plaintiffs, however, failed to file proof of service of the March 27, 2018 order on the defendants in violation of that order.

Accordingly, on May 17, 2018, the undersigned issued to plaintiffs an order to show cause. (ECF No. 16.) Therein, the undersigned advised plaintiffs of their failure to comply with the March 27, 2018 order. (Id. at 1.) The order also advised plaintiffs that it appeared that the purported service of process on defendant County of Sacramento failed to comply with Rule 4 of the Federal Rules of Civil Procedure, with California Code of Civil Procedure § 416.50, and with Local Rule 210(b). (Id. at 1-2.)

The order to show cause ordered plaintiffs to show cause in writing within fourteen days as to why plaintiffs should not be sanctioned for failing to comply with the March 27, 2018 order. (Id. at 2.) Plaintiffs were also ordered to serve upon each defendant one copy of May 17, 2018 order within fourteen days and, within five days thereafter, file a certificate of service that included the name of the person served, the address of the person served, and the date and manner of service on the defendants. (Id.)

On June 15, 2018, plaintiffs again filed a one paragraph status report and a motion for default judgment as to defendant County of Sacramento. (ECF Nos. 17 & 18.) The proofs of service filed in connection with those documents show that plaintiffs continued to fail to comply with the Federal Rules of Civil Procedure, the California Code of Civil Procedure, and the Local Rules. (ECF No. 17 at 2; ECF No. 18 at 4.) Moreover, plaintiffs failed to timely comply with the

1 | undersigned's May 17, 2018 order by failing to file proof of service of that order on the
2 | defendants.

Therefore, on June 19, 2018, the undersigned issued findings and recommendations, recommending that this action be dismissed without prejudice due to plaintiffs' failure to prosecute. (ECF No. 19.) However, that same day an untimely response to the order to show cause from plaintiffs and another purported proof of service was entered on the court's docket. (ECF Nos. 20 & 21.) Plaintiffs' response to the order to show cause asserted that they "did not receive the OSCs for unknown reasons." (ECF No. 20 at 1.) On July 3, 2018, plaintiffs filed a motion for reconsideration and objections to the June 19, 2018 findings and recommendations. (ECF Nos. 22 & 23.)

In light of plaintiffs' filings, the undersigned granted plaintiffs' motion for reconsideration and vacated the June 19, 2018 findings and recommendations in an order issued on September 26, 2018. (ECF No. 24 at 2.) That order also stated:

> The undersigned, however, continues to have concerns about plaintiffs' purported service on the defendants. Specifically, plaintiffs' proofs of service are executed by a Scott Smith who resides at 1200 North B Street, Sacramento, CA 95814. (ECF No. 6 at 1; ECF No. 12 at 1; ECF No. 21 at 1.)
>
> In Raj Singh, Karen Singh v. Wells Fargo Bank, No. 2:15-cv-2664 JAM EFB PS, the magistrate judge in that action noted, in addressing purported service by a Jason Smith, that this address is the address for the Salvation Army Shelter Services Center. Singh v. Wells Fargo Bank, No. 2:15-cv-2664 JAM EFB PS (E.D. Cal. Aug. 1, 2016). The magistrate judge in that action required the plaintiffs in that action to produce Jason Smith for a hearing regarding the purported service of process. (Id.) It appears from the docket in that action that the plaintiffs in that action were unable to produce Jason Smith, but were able to effect proper service after utilizing another process server.
>
> Here, the undersigned will order plaintiffs to produce Scott Smith. Also, given some of the similarities between this action and the Wells Fargo matter discussed above, plaintiffs will be ordered to provide the court with a list of any current or former actions involving either plaintiff, under any name, filed in this court.

(Id. at 2-3.)

Accordingly, each plaintiff was ordered to appear in person for a hearing regarding service of process on the defendants on November 16, 2018. (Id. at 3.) Plaintiffs were also

ordered to produce Scott Smith for that hearing and to file a document listing all cases, past and present, involving either plaintiff filed in this court. (Id. at 3-4.) Plaintiffs were also ordered to serve a copy of that order on the defendants and file proof of service on or before October 12, 2018. (Id. at 3.)

On October 10, 2018, plaintiffs filed a motion "to decide this case on the merits[.]" (ECF No. 25.) That same day, plaintiffs also filed another purported proof of service. (ECF No. 26.) That document reflects that service was completed by a "Ramona Garcia." (Id.) On November 8, 2018, plaintiffs filed a request to continue the November 16, 2018 hearing. (ECF No. 27.) The request to continue did not address the undersigned's order that plaintiffs file a document listing all cases, past and present, involving either plaintiff filed in this court. And plaintiffs never filed that document.

On November 13, 2018, the undersigned issued an order granting plaintiffs' request to continue the hearing. (ECF No. 28.) The hearing regarding service was continued to December 7, 2018. (Id. at 2.) The order stated: "<u>Each plaintiff shall appear in person at the hearing regarding service of process on the defendants</u>[.]" (Id.) (emphasis in original). Plaintiffs were also ordered to produce Scott Smith and Ramona Garcia at the December 7, 2018 hearing. Moreover, on or before November 30, 2018, plaintiffs were to serve a copy of that order on the defendants, file proof of service of that order on the defendants, and file a document listing all cases, past and present, involving either plaintiff filed in this court. (Id.) Plaintiffs never responded to that order in any manner and plaintiffs failed to appear at the December 7, 2018 hearing.

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that

4

should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

Here, as recounted above, plaintiffs have repeatedly failed to comply with the court's orders.  Plaintiffs have been repeatedly warned that the failure to timely comply with the court's orders could result in a recommendation that this matter be dismissed.  (ECF No. 4 at 2-3; ECF No. 9 at 3; ECF No. 16 at 4.)  This action was previously on the verge of dismissal due to plaintiffs' failure to prosecute.  (ECF No. 19.)  And plaintiffs were repeatedly and explicitly ordered to file a document listing all cases, past and present, involving either plaintiff and to appear at the hearing regarding service of process.

Despite all this, plaintiffs failed to file that document and failed to appear at the December 7, 2018 hearing.  In this regard, plaintiffs' lack of prosecution of this case renders the imposition of monetary sanctions futile.[1]  Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the imposition of the sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against dismissal.  However, plaintiffs' repeated failure to comply with the undersigned's orders and failure to appear makes disposition on the merits an impossibility.  The undersigned will therefore recommend that this action be dismissed due to plaintiffs' failure to

////

---

[1] In the event plaintiffs resume prosecution of this case and these findings and recommendations are not adopted by the assigned District Judge, the undersigned will reconsider the imposition of monetary sanctions against plaintiffs given their repeated failure to comply with the undersigned's orders.

prosecute as well as plaintiffs' failure to comply with the court's orders.  See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' December 8, 2017 complaint (ECF No. 1) be dismissed without prejudice; and

2. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 7, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/singh2580.oah.120718